UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EXTEX PRODUCTION, INC. AND
EXTEX OPERATING COMPANY

CIVIL ACTION:

VERSUS

No.: 07-760-JJB-DLD

MID CONTINENT CASUALTY
CO. AND ST. PAUL FIRE AND
MARINE INSURANCE CO.

**RULING ON MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER**

This matter is before the court on a Motion to Dismiss, or alternatively to Transfer, filed by Defendants, St. Paul Fire and Marine Insurance Company and Mid-Continent Casualty Company (hereinafter collectively referred to as "Defendants" or "Insurers"). (Docs. 6 & 11).  Plaintiffs, Extex Production, Inc and Extex Operating Company (hereinafter collectively referred to as "Plaintiff" or "Extex") have filed an Opposition.  (Doc. 15).  Defendants have filed a reply.  (Doc. 16). There is no need for oral argument.  Jurisdiction is proper based on 28 U.S.C. § 1332.

**PROCEDURAL BACKGROUND**

This case involves a coverage dispute between Plaintiff, Extex and two foreign Insurers.  The coverage dispute is rooted in a cause of action accruing in St. Charles Parish, Louisiana.  Extex is a Texas corporation authorized to do business in Louisiana.  St. Paul Fire and Marine Insurance Company is a Minnesota corporation

-1-

authorized to do business in Louisiana.  Mid-Continent Casualty Company is an Oklahoma corporation authorized to do business in Louisiana.

On or about September 7, 2007, Extex commenced the above captioned action by filing a Petition for Declaratory Judgment and Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1]  On October 18, 2007 St. Paul removed this case to this court based on diversity jurisdiction.  Extex filed this action seeking defense and indemnity from the Insurers for the underlying matter captioned *Henry Leon Sarpy, et al. v. Exxon Mobil Corporation, et al.*, Civil Action 05-4929, pending in the Civil District Court for the Parish of Orleans, State of Louisiana ("Underlying Litigation").

On September 11, 2007, Extex commenced an identical action in Texas. Extex filed a Petition in the Civil District Court of Harris County, Texas setting forth the same factual basis and seeking the exact same relief as in the action commenced in East Baton Rouge Parish, Louisiana.  The Texas matter has also been removed and is pending in the United States District Court for the Southern District of Texas– Houston Division. Thus, at this moment, there are two identical lawsuits proceeding in sister federal district courts filed by the same plaintiffs against the same defendants rooted in the same Underlying Louisiana Litigation.

### Defendants' Arguments

---

[1] *See* La. C.C.P. 42(7). When a Louisiana cause of action is brought against a foreign insurance company, venue is proper in East Baton Rouge Parish.

Defendants argue that this court should dismiss the above captioned matter because there is an identical claim pending before a sister district court filed by the same plaintiff.  Defendants further argue that a plaintiff does not have the right to maintain two separate actions involving the same subject matter at the same time against the same defendant.  In the alternative, Defendants argue that this case should be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

### **Plaintiff's Arguments**

In opposition, Extex argues that its Texas suit filed on September 11, 2007 was a "protective suit" and that the Louisiana lawsuit "was purposely filed" first "in order to demonstrate that Louisiana was and is the forum of choice for Extex" to litigate the insurance issues.[2]  Extex argues the Texas suit was a protective suit "in the event the [defendants] attempted to evade the jurisdiction of a Louisiana court."[3]  Extex argues that since this action is the first filed action, there is no legal basis for dismissal.  Additionally, Extex argues that transfer is inappropriate as Insurers have failed to meet their burden to show "good cause" pursuant to 28 U.S.C. § 1404(a).

### **LAW AND ANALYSIS**

**A.    Dismissal Based on Duplicative Litigation**

"When a plaintiff files a second complaint alleging the same cause of action

---

[2]    Doc. 15, p. 5

[3]    *Id.*

as a prior, pending, related action," ***a district court has the authority to dismiss the second complaint***. *Friends of the Earth v. Crown Central Petroleum*, 95 F.3d 359, 362 (5th Cir. 1996) citing *Oliney v. Gardner*, 771 F.2d 856 (5th Cir. 1985)(emphasis added). A plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant. *Walton v. Eaton*, 562 F.2d 66 (3d Cir. 1977) (internal citations omitted). When a district court becomes aware that the two actions begun by a plaintiff are virtually identical, the second complaint may be dismissed without prejudice or stayed until judgment is entered in the first. *Id.*

This court is considering Plaintiff's first-filed complaint. Extex argues that it is the second complaint, and not the first, that may be dismissed. Extex also argues that the plaintiff's initial choice of forum is entitled to great deference by this court. Defendants argue that the first-filed rule is typically invoked to protect the plaintiff's choice of forum in cases where the defendant has subsequently filed a related suit in a different forum. *Wiley v. Trendwest Resorts, Inc.,* No. 04-4321, 2005 WL 1910934 *5 (N.D. Cal. Aug. 10, 2005).

While it is clear that district courts do not always rigidly and mechanically apply the first-filed rule, the plaintiff's initial choice of forum is entitled to a great deal of deference. The Fifth Circuit clearly establishes that it is the second suit, and not the first, that may be dismissed. *See Oliney* 771 F.2d at 859; *Friends of the Earth*, 95 F.3d at 362. Thus, the court denies Defendants' Motion to Dismiss and next

considers Defendants' Motion to Transfer venue.[4]

**B.      Standard for Transfer Under 28 U.S.C. § 1404(a)**

Change of venue is governed by 28 U.S.C. §1404(a), which reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of the statute is "to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *see also Active Zones of Am., LLC v. SDV (USA) Inc.,* No. 05-1584, 2007 U.S. Dist. LEXIS 62931, at *17 (D. La. Aug. 3, 2007). The burden of proof in a motion to transfer is on the moving party. *Id.*

A party seeking to transfer litigation under 28 U.S.C. § 1404(a) must first demonstrate the existence of an available and adequate alternate forum. *Trestman v. Microstrategy, Inc.*, No. 01-0685, 2001 WL 14707, *3 (E.D. La. November 15, 2001). The moving party must also establish "good cause" for the transfer. *In re: Volkswagen of America, Inc.,*___F.3d___, No. 07-40058, 2007 WL 3088142 *3 (5th Cir. October 24, 2007).   To establish "good cause," the moving party must demonstrate that the proposed transfer is "[f]or the convenience of the parties and

---

[4] Defendants are cautioned, that when citing to authority, they should do so completely and accurately. While case precedent is entitled to reasonable interpretation and argument, it is inappropriate for a party to mischaracterize authority upon which it wishes this court to rely.

witnesses, in the interest of justice." *Id.* The plaintiff's choice of forum should not be disturbed unless the transferee forum is "clearly more convenient." *Id.* After determining if an available and adequate forum exists, the Court will weigh both private interest factors and public interest factors— none of which is dispositive. *Id.* The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

### a. Adequacy of Texas as an Alternate Forum

Defendants argue that they meet the burden of showing "good cause" for transfer because Extex recognized the adequacy of Texas as a forum by filing an identical suit in Texas a mere four days after filing suit in Louisiana. Defendants also argue that Texas provides an adequate forum because the insurance contracts were negotiated, issued, and delivered in Texas, and that the balance of public and private interests weighs in their favor.

On the other hand, Extex argues that "it was completely intended and understood by Insurers that coverage for litigation involving Extex's Louisiana oil and

gas operations would be governed by Louisiana law, especially as to the interpretation of the policies' pollution exclusions."[5]

An alternate forum is "available" if all the parties and claims can come within its jurisdiction and if neither party will be treated unfairly nor denied remedies available to them in the original forum. Extex filed its second petition in Texas only four days after it filed its first petition in Louisiana. Defendants have removed both cases to federal district court in each respective state. Since Extex filed its second suit in Texas, Texas is also an appropriate forum for this litigation, regardless of a choice of law question.

### b. Private Interest Factors

#### (1) The relative ease of access to sources of proof

The defendants argue that Texas is the more convenient forum because the matter is a coverage dispute between a Texas company and two foreign insurers—neither located in Louisiana. Defendants argue that the only connection to Louisiana is the Underlying Litigation and that Louisiana has no connection with the insurance policies at the heart of this dispute. Defendants also argue that all of the witnesses

---

[5] For the proposition that the parties intended Louisiana law to apply, Extex directs the court to Exhibits B, C, and D. (Doc. 15). These exhibits are endorsements to three policies issued by St. Paul (Extex Exhibit A (Doc. 15)). The endorsements are each entitled **"Louisiana Pollutant and Pollution Examples Endorsement - Oil and Gas Commercial General Liability**." Each exhibit is a 1-page document providing examples of instances when coverage is triggered. Extex argues that even though the underlying policy was negotiated, issued and delivered in Texas, a Louisiana court should apply Louisiana law to the interpretation of the Louisiana-specific endorsements.

and documents from Extex concerning the insurance policies, including any negotiations and the provision of notice, are located in Texas.

Extex argues that this case will involve fact-intensive issues relating to specifically alleged occurrences involving the Underlying Litigation. Extex argues that the only witnesses, documentary evidence (including the regulatory record), and the underlying plaintiffs are located only in Louisiana. Extex also argues that since the Insurers are not domiciled in Texas or Louisiana they cannot argue that Texas is no more convenient than Louisiana since it will be equally inconvenient for their corporate witnesses.

The court is not persuaded by Plaintiff's argument that this coverage dispute will involve fact-intensive issues relating to the alleged occurrences in the Underlying Litigation. Extex seeks a declaratory judgment on the meaning of an insurance policy. The court's primary mission in such an inquiry is to interpret the language and terms of the policy. It is not to make a determination on the facts surrounding the Underlying Litigation since that task is squarely reserved to state court. In fact, Extex has not shown how the testimony of a caretaker of property in Louisiana would be relevant to resolve whether there is a defense obligation under the insurance policies at issue here. The court finds that no witness in Louisiana can testify to anything about what is subject to coverage under the insurance policies. However, the court also finds that since the Insurers are not located in Texas, but rather Minnesota and Oklahoma, a Louisiana court is no less convenient for them than one

in Texas.

### (2) The availability of compulsory process to secure the attendance of witnesses

Defendants argue that all of the Extex employees who were involved in the negotiation of the insurance policies or providing notice of the claims, and the agent who was involved with these insurance policies, are in Texas.

Extex argues that all of the fact witnesses relating to the Underlying Litigation will be subject to compulsory process in Louisiana, and that Insurers' employees and officers will be available in Louisiana as needed.

It is not clear to the court why fact witnesses related to the Underlying Litigation are necessary to determine the Insurers' alleged defense and indemnity obligations in this action. The court finds that whatever witnesses may be necessary to potentially illuminate the terms of the insurance contract are not located in Louisiana.

### (3) The cost of attendance for willing witnesses

Defendants argue that the relevant witness— if they are needed— concern issues regarding the insurance policies and such witnesses are not in Louisiana. Extex argues that the cost of attendance will be less for Extex if the case is heard in Louisiana. The court notes that while Extex is a Houston, Texas-based company, the Chief Executive Officer, Wallis Marsh, desires the case to be heard in Louisiana, and as such, this is not a factor against retaining the case.

The Insurers are not principally located in either Texas or Louisiana. Thus, should witnesses of the Insurers be required, the court does not find that the Insurers will be inconvenienced if the forum is Louisiana rather than Texas.

### (4) All other practical problems that make trial of a case easy, expeditious, and inexpensive

Defendants argue that this is a Texas insurance contract case that should be handled in Texas. Extex argues that this factor does not weigh in favor of a transfer to a Texas court because the Insurers have not identified any considerations establishing their burden of showing the convenience of the parties and the interests of justice. Extex further argues that the presence of fact witnesses and records in Louisiana militates against transfer.

Again, the court finds that the outcome of this case will not turn on Louisiana fact witnesses.

### c. Public Interest Factors

### (1) The administrative difficulties flowing from court congestion

This factor is predicated upon the status of the docket in the Middle District of Louisiana. The court finds that there is no reason to transfer based on any congestion issues faced by this district.

### (2) The local interest in having localized interests decided at home

Defendants argue that Texas has a superior interest to the matter based on its connection to the insurance policies. Defendants direct the court to *Harrison v.*

*Morrison*, where the Louisiana appeals court held:

> Mississippi has a legitimate interest in regulating insurance policies executed in Mississippi, especially when an insurance policy is issued to a Mississippi business insuring all its activities. The purpose of the insurance policy in this case was to insure all the activities of [policyholder], a Mississippi business. The integrity of an insurance policy is a substantial and real interest. The fact that Congress has allowed fifty states to have their own uniform system of regulations governing insurance strongly suggests that this is a legitimate public purpose.

862 So.2d 1065, 170 (La. App. 2 Cir. 2003), *writ denied*, 869 So.2d 857 (La. 2004)(citations omitted).

Extex recognizes that Texas has an interest in regulating insurance polices issued to Texas businesses. However, Extex argues that Louisiana has an extremely strong interest in regulating matters that pertain Louisiana property when environmental contamination is at issue. The court finds that Louisiana does have such an interest. However, the issue for this court is not environmental contamination on the Underlying Litigation. The outcome of this matter will turn on interpretation of an insurance policy negotiated between Extex (the insured) and the Insurers.

Extex's reliance on *In re Combustion*, 960.F.Supp.1056 (W.D. La. 1997), for the proposition that Louisiana has a stronger interest than Texas because the Underlying Litigation involves environmental contamination of a Louisiana site does

not sway the court on the issue of what law applies.[6]  *In re Combustion* involved mass toxic tort claims of damage to property in Louisiana.  The defendants and third-party defendants were allowed to file cross-claims against insurers and the court ruled that Louisiana law applied.  The *Combustion* court recognized that Louisiana had a legitimate interest in the dispute because

> The state's relationship to the dispute is three-fold: 1) the alleged tort victims; 2) the insureds; and 3) the site.  In all three instances, the Legislature has spoken and it is the law of this civilian jurisdiction.

*Id*. at 1067. However, the *Combustion* case involved the issue of what law must apply in a direct action suit by a class of Louisiana plaintiffs, allegedly injured in Louisiana by the acts of Louisiana domiciliaries, or long-time residents. *Harrison,* 862 So.2d at 1071.

Other Louisiana courts have not applied *In re Combustion* where the case does not involve a direct action by injured Louisiana residents against the insurance companies.  *See Norfolk Southern Corp. v. California Union Ins. Co.,* 859 So.2d 167, 181 (La. App. 1 Cir. 2003), *writ denied*, 861 So.2d 579 (La. 2003).  There, the Louisiana Circuit court found that

> The only plaintiffs in [the] suit are the insureds themselves, and the court is only called on to decide issues concerning the interpretation of contracts between the parties to those contracts. We note that the *In re Combustion, Inc.* court itself distinguished cases such as this one involving a dispute only between insureds

---

[6]  The court advises both parties to check the accuracy of citations before submitting their briefs.

and insurers from those involving direct actions by injured parties. *In re Combustion, Inc.*, 960 F.Supp. at 1070-71.

*Id.* As such, the court is not persuaded that *In re Combustion* applies to this matter. And while Louisiana does have a strong interest in the outcome of environmental contamination litigation, Texas has a strong interest as to how insurance policies entered into and negotiated in Texas are interpreted.

### (3) The familiarity of the forum with the law that will govern the case

Defendants argue that Texas law should apply because it appears that the policies at issue were negotiated, issued, and delivered in Texas to a Texas insured. Defendants direct the court to three cases where a Louisiana court might apply the law of another state.[7] Defendants argue that because Texas law applies, a Texas court should adjudicate the claims.

Extex argues that Louisiana law should govern this case. Extex argues that the policies at issue contain specific references to the fact the parties intended Louisiana law to apply for Louisiana occurrences, particularly the application and

---

[7] *See Harrison,* 862 So.2d 1065 (La. App. 2 Cir. 2003), *writ denied*, 869 So.2d 857 (La. 2004) (enforcing a pollution exclusion under Mississippi law in an insurance policy negotiated, executed and delivered in Mississippi even though the plaintiffs were Louisiana residents injured in Louisiana); *Resure, Inc. v. Chemical Distributors, Inc.*, 927 F.Supp. 190, 192 (M.D. La. 1996), *aff'd*, 114 F.3d 1184 (5th Cir. 1997) (Court found pollution exclusion clause precluded coverage applying New Mexico law to policies negotiated and delivered in New Mexico to New Mexico corporation despite the fact that the accident occurred in Louisiana, injuring Louisiana plaintiffs); *The Travelers Ins. Group Inc. v. O.C.S., Inc.,* 914 F.Supp. 126 (E.D. La. 1996) (construing an insurance policy delivered to a Texas insured in Texas under Texas law even though the underlying claim concerned an oil-well fire in Louisiana).

-13-

interpretation of the pollution provisions of the policies.  Extex's argument that Louisiana law applies turns largely on the fact that the policies contain a specific endorsement entitled, "LOUISIANA POLLUTANT AND POLLUTION EXAMPLES ENDORSEMENT - OIL AND GAS COMMERCIAL GENERAL LIABILITY."[8] Extex also argues that there is clear evidence that Insurers were made aware of the extensive operations of their insureds in Louisiana.[9]

Defendants argue that the endorsements do not favor an application of Louisiana law.  The court finds that the while the endorsements provide examples of instances when coverage might be triggered for occurrences in Louisiana, the endorsements specifically state that "the examples do not change coverage."[10] "[T]he mere presence of state-specific endorsements in an insurance policy is not an affirmative choice of the law of any particular state." *Humbert v. United Ohio Ins. Co.,* 798 N.E.2d 25, 27 (Ohio App. 3 Dist. 2003)(citations omitted).  Additionally, the court finds that other Louisiana courts do not consider state-specific endorsements in determining choice of law.  *See McDermott Intern., Inc. v. Industrial Risk Insurers*, Civ. 01-3027, 2002 WL 1204924 (E.D. La. June 3, 2002) and *Breese v. Hadson Petroleum (USA), Inc.,* 955 F.Supp. 648, 650 n.5 (M.D. La. 1996). (where courts

---

[8]   *See* footnote 5, *supra.*

[9]   Extex makes this assertion several times in its Opposition without proffering any evidence in support.

[10]   Extex Exhibits B, C, and D (Doc. 15).

have refused to find another state's law applicable just because of state specific endorsements).

In additional support of its proposition, Extex directs the court to *In Re: EDC Contractor Insurance Litigation*, 05-1064 (La. App. 3 Cir. 05/24/06); 931 So.2d 462; *writ denied*, 06-1612 (La. Sept. 29, 2006); 937 So.2d 871. In *EDC*, an insurer sought summary judgment on its policy against the insured, arguing that the Louisiana court should apply Texas law. An accident occurred in Louisiana and involved a remediation of property located in the state of Louisiana. The subject insurance policy was issued to the insured in Texas. The *EDC* court declined to apply Texas law because there were genuine fact issues concerning the negotiations and the issuance of the policies. Thus, the court denied the insurer's choice -of-law motion.

The court finds that *EDC* does not advance Plaintiff's argument. In *EDC* the court recognized that a choice-of-law question involves a "fact intensive" analysis that was premature because of the need for additional discovery.[11] While it is accurate to say that the *EDC* court did not apply Texas law to the insurance policy, the court's analysis turned on genuine fact issues germane to discovery issues in that case.

At this time, given the evidence before the court, and the authority presented by the Insurers, it appears that Texas law will apply to this case. While a Texas

---

[11] *See* La. C.C. Arts 3515 and 3537.

court has a greater interest in applying Texas law, this Louisiana court is capable of applying Texas law to the insurance policies absent further evidence that the parties intended Louisiana law to apply.[12]

---

[12] On the choice of law issue, the court must note that Extex makes several lofty assertions and allegations, yet cites to scant— if any authority— in support:

(1) "[a]s will be demonstrated below, Louisiana law was intended by the Insurers to apply to the policies for claims taking place in Louisiana." (Doc. 15, p. 6). *Extex does not direct the court to any evidence of purported "intent" beyond the titles of the endorsements at Doc. 15, Exhibits B, C, and D.*

(2) "an examination of the policies in question reveals that it was completely intended and understood by the Insurers that coverage for litigation involving Extex's Louisiana oil and gas operations would be governed by Louisiana law, especially as to the interpretation of the policies' pollution exclusions." (Doc. 15, pp. 9-10). *Again, Extex does not direct the court to any evidence of purported "intent" beyond the titles of the endorsements at Doc. 15, Exhibits B, C, and D.*

(3) "As noted above, St. Paul's policies contain specific references to the fact that the parties intended Louisiana law to apply to them for Louisiana incidents, particularly the application and interpretation of the pollution provision of the policies." (Doc. 15, p. 15). *Again, the court has carefully read Extex's brief in toto and is not directed to any "specific references" other than the titles of the endorsements.*

(4) "[e]vidence is clear that the Insurers were made aware of extensive operations of their insureds in Louisiana. (Doc. 15, p. 15). *The court fails to find any support, whatsoever, for this assertion.*

(5) "Extex has demonstrated that the purpose of the contract, the object of the contract, and the place of business of the insureds all point to Louisiana law as the appropriate law to interpret the policies in question." (Doc. 15, p. 17). *Again, Extex has not directed the court to evidence of this "demonstration."*

(6) "Louisiana's law was intended to apply by the parties to the application of the pollution exclusion." (Doc 15, p. 17). *Again, outside of the endorsements in Exhibits B, C, and D, Extex does not support this allegation.*

**(4)     The avoidance of unnecessary problems of conflict of laws or in the application of foreign law**

As indicated above, it appears there is a dispute as to which state's law applies. This conflict will not disappear as a result of a transfer to Texas. Thus, whether this case goes to Texas or stays in Louisiana, one of the courts will have to decide which state's law to apply. This factor does not favor transfer.

## CONCLUSION

Here, the moving party has raised arguments that seem to favor a transfer. However, the court finds they have not overcome their burden to show "good cause" as to why Texas is a better forum than Louisiana.

Accordingly, for the foregoing reasons and in light of the fact that Plaintiff's initial choice of forum is entitled to a great deal of deference, Defendants' Motion to Dismiss is hereby **DENIED** and, in the alternative, Defendants' Motion to Transfer is hereby **DENIED**.

Baton Rouge, Louisiana, January 22, 2008.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA